LEROY O. TAYLOR, RICHARD WILLIAMS *v.* STATE OF INDIANA.

[No. 2-1074A257. Filed April 9, 1975. Rehearing denied May 13, 1975.]

*Robert J. Fink, Haymaker, Hirsch & Fink,* of Indianapolis, for appellants.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

ROBERTSON, C.J.—The defendants-appellants, Taylor and Williams, bring this appeal from their convictions of first degree burglary contending that the evidence is insufficient to sustain the convictions.

We affirm.

On January 8, 1974, Patrolmen Kortepeter and Darland were dispatched to a residence at 2924 Hervey Street in Indianapolis, and upon arriving each officer went to separate entrances of the residence to investigate. Patrolman Kortepeter found the rear door ajar and the wood around the lock splintered and broken open. After knocking several times he entered the house and found Williams standing in the living room and Taylor in the bedroom. The bedroom had been ransacked and a large quantity of coins were found on the bed. A ring and watch were recovered from the pockets of Williams. A woman who resided at the house testified that upon leaving in the morning the doors were locked and the bedroom was in an orderly condition. Neither defendant had been given permission to be in the residence. Both defendants testified that they had gone to the residence to buy some marijuana and found the door open and entered. Williams admitted taking the watch and ring which he claimed had been pawned to another resident of the house for marijuana.

Taylor and Williams were convicted of first degree burglary and sentenced to terms of ten to twenty-one years. They argue on appeal that the evidence was not sufficient to support their conviction.

When the sufficiency of the evidence is at issue, this court may not weigh the evidence or judge the credibility of witnesses. The conviction must be affirmed if there is evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Combs* v. *State* (1973), 260 Ind. 294, 295 N.E.2d 366.

The State had the burden of proving the breaking and entering of a dwelling house with an intent to commit a felony therein. IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956).

In the present case, the door of a residence had been broken open and the bedroom ransacked. Taylor and Williams were found inside the house without permission and property from within the house was found in Williams's pocket.

This evidence was sufficient to establish a breaking and entering and a specific intent to commit a theft once inside the residence.

However, Taylor and Williams contend that the evidence presented did not establish each and every material allegation of the information. They assert that the information charged them with exerting unauthorized or unlawful control over the property of Carol Hicks, whereas the evidence showed that the only property actually taken belonged to a person named Morgan.

Their assertion is erroneous. The information did not charge Taylor and Williams with exerting unauthorized control over property but with entering with an intent to do so as required by the burglary statute. The statute does not require that a defendant actually commit a felony after entering a residence but only that he enter with an intent to commit a felony. *Combs* v. *State, supra.*

The conviction was supported by sufficient evidence on all elements of the offense.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.